Merrimack, }
June, 1897. }

## WHITTAKER *v.* ORDWAY.

Board furnished by the maker of a promissory note to the payee will operate as a payment, if such was the agreement of the parties.

Payment of a note by the maker prior to its transfer is a good defence to an action against him by an indorsee who took it after it became due, for full consideration, and without notice of payment.

WRIT OF ENTRY. Facts found by a referee. May 2, 1882, Jonas Foster loaned the defendant $500 upon his promissory note of that date, payable to Foster's order on demand, with interest annually, and secured by a mortgage of the real estate described in the writ. On the same day, after the note had been delivered to Foster, he and the defendant agreed that if Foster, who was then about seventy years of age, should become disabled or be thrown out of employment, he should make his home with the defendant and board out the amount of the note. September 3, 1884, Foster being out of employment went to the defendant's in pursuance of the agreement, and remained there the most of the time until June 24, 1891, both parties understanding that the board furnished in the meantime was in fulfillment of the agreement. The board at a reasonable price more than paid the note.

At some time after June 22, 1891, Foster sold and transferred the note and mortgage to the plaintiff for a valuable consideration,—the plaintiff having no knowledge of Foster's agreement with the defendant, nor of the defendant's claim that the note had been paid.

Each party moved for judgment in his favor.

*Willis G. Buxton* and *Albin, Martin & Howe*, for the plaintiff.

*Arthur W. Silsby* and *William L. Foster*, for the defendant.

CHASE, J. The question whether Foster's agreement to " board out the amount of the note " upon the happening of the contingency named could have been enforced, need not be considered, for the agreement has been fully executed. As both he and the defendant understood that the board was furnished and accepted in payment of the note, it was payment. *Jameson v. Carpenter*, 68 N. H. 62. Payment by the maker of a note prior to its transfer is a good defence to an action against him by an indorsee who took it after it became due, although he paid a full consideration for it and had no notice of the payment. *Odiorne v.*

*Howard*, 10 N. H. 343; *Hill* v. *Huntress*, 43 N. H. 480; *Hardy* v. *Waddell*, 58 N. H. 460; *Leavitt* v. *Peabody*, 62 N. H. 185, 189.

*Judgment for the defendant.*

All concurred.